**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4288

DAVID TAYLOR,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4483

STEVE HAIRSTON, a/k/a Shawn,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                         No. 97-4501
MARVIN BAILEY, a/k/a Head, a/k/a
Larry Anderson,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4517

KAREEM B. WOODS, a/k/a J. J.,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4795

RICHARD L. DIXON, a/k/a Earl,
a/k/a E,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge;
Elizabeth V. Hallanan, Senior District Judge.
(CR-96-191)

Argued: September 23, 1998

Decided: October 22, 1998

Before WILKINS, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed in part and vacated in part by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Paul A. McKenna, MCKENNA & OBRONT, Coconut
Grove, Florida, for Appellant Dixon; George B. Vieweg, LESTER &
VIEWEG, Charleston, West Virginia, for Appellant Bailey; Jacqueline Ann Hallinan, Charleston, West Virginia, for Appellant Woods;
Nathan A. Hicks, Jr., Charleston, West Virginia, for Appellant Hairston; Gregory Marshall Courtright, COLLINS & COURTRIGHT,
Charleston, West Virginia, for Appellant Taylor. Miller Allison

2

Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee. **ON BRIEF:** Rebecca A. Betts, United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Taylor and Steve Hairston appeal their sentences and Marvin Bailey, Kareem B. Woods, and Richard L. Dixon appeal their convictions and sentences for various drug-related crimes. Because we conclude that Dixon was subjected to double jeopardy when he was convicted of engaging in both a continuing criminal enterprise (CCE), see 21 U.S.C.A. § 848 (West Supp. 1998), and a conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base, see 21 U.S.C.A. § 846 (West Supp. 1998), we vacate Dixon's conviction and sentence for the latter offense. Finding Appellants' remaining contentions to be without merit, we otherwise affirm.

I.

The convictions and sentences at issue arise out of a large conspiracy to transport powder cocaine from Florida to West Virginia, convert the cocaine powder into cocaine base, establish cocaine base houses, and sell the cocaine base. On the basis of his involvement in this enterprise, Dixon was charged with several crimes, only two of which are relevant here.

Count One of the indictment alleged that during the period of January 1993 until September 1996, Dixon engaged in a continuing series of violations of 21 U.S.C.A. §§ 841(a)(1) (West 1981)[1] and 846,

_____

[1] Section 841(a)(1) makes it unlawful "knowingly or intentionally ... to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

3

which were undertaken in concert with five or more persons of whom he was the organizer, supervisor, and manager, and from which he obtained substantial income and resources. See 21 U.S.C.A. § 848(c). Count Two separately alleged that during the same period, Dixon conspired with several named persons and others to violate 21 U.S.C.A. § 841(a)(1). After being convicted of both crimes, Dixon received a mandatory life sentence for the CCE offense, see 21 U.S.C.A. § 848(b)(1), and a concurrent life sentence for conspiracy. Dixon was also ordered to pay a $100 special assessment on each count, see 18 U.S.C.A. § 3013(a)(2)(A) (West Supp. 1998), and a $25,000 fine.

II.

Dixon argues that his convictions for CCE and conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base subjected him to double jeopardy because the conspiracy charge, which was based on the same underlying conduct as the CCE charge, is a lesser included offense of CCE. See Rutledge v. United States, 517 U.S. 292, 300 (1996). Because Dixon failed to raise this objection to the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Dixon must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Even if Dixon can satisfy these requirements, correction of the error remains within our sound discretion, which we "should not exercise ... unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (second alteration in original) (quoting United States v. Young, 470 U.S. 1 (1985)); see United States v. David, 83 F.3d 638, 641 (4th Cir. 1996).

The Government wisely does not dispute that convicting Dixon on the conspiracy charge was plain error, see Rutledge, 517 U.S. at 300, but nevertheless asserts that Dixon was not prejudiced by the additional conviction because he received a mandatory life sentence for CCE. This argument is simply incorrect. The Supreme Court has held that imposition of a special assessment is, by itself, sufficient to war-

4

rant vacatur of an unconstitutional conviction. **2** <u>See id.</u> at 301. Under the circumstances of this case, we elect to exercise our discretion to correct the error. Accordingly, we vacate Dixon's conviction for conspiracy to possess with the intent to distribute cocaine and cocaine base.

III.

In sum, we vacate Dixon's conviction for conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base. In addition, having had the benefit of extensive briefing and arguments of counsel, we conclude that the remaining allegations of error asserted by Appellants are without merit. Consequently, we affirm the remainder of Appellants' convictions and sentences.

<u>AFFIRMED IN PART AND VACATED IN PART</u>

_____

**2** The Court further noted in <u>Rutledge</u> that, even without considering the special assessment, the adverse consequences that could result from an additional conviction, such as delays in parole eligibility or harsher sentences for future offenses under a recidivist statute, warrant vacatur. <u>See id.</u> at 301-03. We note that during oral argument, the Government, contrary to its brief, conceded that Dixon's conviction for conspiracy should be vacated.